IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REVAL FINANCIAL NPL, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 3:13-0048 |
| vs. ) | JUDGE TRAUGER /KNOWLES |
| ) | |
| ) | |
| ASHOKE MUKHERJI, ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATION OF FACTS REGARDING CONTEMPT/
REPORT & RECOMMENDATION**

This matter is before the Court upon "Plaintiff's Second Motion for Order to Show Cause." Docket No. 53. Judge Trauger referred the Motion to the undersigned for disposition, and the Court held a Hearing on the Motion of February 19, 2014. Docket No. 57. Defendant did not respond to the Motion, nor did he appear at the Hearing.

This is the second time that Plaintiff has sought contempt sanctions against Defendant for ignoring Orders of this Court with no explanation whatsoever. This situation is of particular concern, because Defendant is an attorney who has been licensed to practice law in the State of Tennessee since 1995. *See* http://www.tnbpr.org, *accessed* April 3, 2014. (His current status is "Suspended/Non-payment, CLE.")

The history of Defendant's actions and inactions has been set forth several times in the course of this proceeding. Docket Nos. 32, 35, 40, 47, 53. The facts, essentially, are that Plaintiff obtained a default judgment against Defendant in the amount of approximately

$126,202.35, plus post-judgment interest. Docket No. 16. Plaintiff was also awarded its attorneys fees and costs in the amount of $4,682.50. Docket No. 23.

Thereafter, Plaintiff submitted discovery requests in aid of execution of judgment. Initially, Defendant completely failed to respond. Thereafter, Defendant supplied unverified Responses to some of the Interrogatories and produced only two documents. Thus, Plaintiff filed a Motion to Compel. The undersigned granted that Motion requiring Defendant to respond to the discovery requests within fourteen (14) days of July 18, 2013. Defendant failed to respond, and Plaintiff filed its first "Motion for Order to Show Cause." In that Motion, Plaintiff sought to have Defendant held in contempt, and also sought an award of its costs and expenses, including attorneys fees. Docket No. 35. The undersigned held a Hearing on the Motion on September 12, 2013. Defendant did not file a Response to the Motion nor did he appear at the Hearing. Thus, the undersigned submitted a "Certification of Facts Regarding Possible Contempt" to Judge Trauger. Docket No. 40.

Shortly thereafter, Judge Trauger entered an Order requiring Plaintiff to edify the Court as to the exact relief Plaintiff would be requesting should the Court hold Defendant in civil contempt. Docket No. 43. Plaintiff filed a Response to that Order, which withdrew its request to hold Defendant in contempt, and instead sought an award of its attorneys' fees in connection with the Motion to Compel and the Motion for Show Cause Order in the total amount of $1,767.00. Docket Nos. 46, 47.

Judge Trauger granted the Motion for attorneys fees and expenses, and awarded Plaintiff $1,767, ordering it to be paid within forty-five (45) days of October 1, 2013. Docket No. 47. (That date was subsequently reset to December 2, 2013.) Docket No. 49. Defendant, however,

2

did not comply with Judge Trauger's Order to pay the attorneys' fees and expenses.

When Defendant failed to pay the attorneys' fees and expenses, Plaintiff filed the instant Motion. The instant Motion states that Defendant failed to remit payment to Plaintiff for its attorneys' fees and costs as ordered by Judge Trauger, and that Defendant still had failed to provide supplemental Responses and document production. Plaintiff again seeks an Order holding Defendant in contempt. Docket No. 53, p. 4.

As discussed above, the Court set a Hearing on the instant Motion for February 19, 2014, but Defendant failed to appear or to respond to the instant Motion. Docket No. 57; Minute Entry for February 19, 2014. At the Hearing, the Court ordered Plaintiff to file a Response stating specifically why Defendant should be held in contempt and what relief Plaintiff sought. Plaintiff, thus, filed a "Request for Sanctions for Civil Contempt." Docket No. 60.

Plaintiff relies upon *United Mine Workers v. Bagwell*, 512 U.S. 821, 827-28 (1994) for the proposition that "[A] contempt sanction is considered civil if it 'is remedial, and for the benefit of the complainant.'" (Citation omitted). Again relying on *Bagwell*. Plaintiff states:

> Fine and imprisonment may be imposed as sanctions for civil contempt. . . . Imprisonment is civil if the contemnor is confined indefinitely until he complies with an affirmative demand of the court, such as an order. . . . "Imprisonment for a fixed term is similarly coercive when the contemnor is given the option of early release if he complies."

Docket No. 60, p. 2 (citation omitted).

Plaintiff requests that the Court order Defendant to pay it $150 per day until such time as he purges himself of contempt by: (1) complying with the Court's discovery Order [Docket No. 32]; and (2) remitting payment to Plaintiff in the amount of $1,767 as the Court has previously ordered. Plaintiff further requests that the Court limit the application of that sanction to a 30-day

3

period following the Court's Order holding Defendant in contempt. Plaintiff continues:

> If Defendant has still failed to comply with the Court's orders after 30 days following the order from the Court finding Defendant in contempt, Plaintiff requests that the Court confine Defendant to prison commencing on the 31st day following the Court's order and for each day thereafter until such time that Defendant purges himself from contempt by complying with the Court's orders.

*Id.*, p. 3.

Plaintiff recognizes that these sanctions are severe, but Plaintiff believes they are justified because Defendant has shown his repeated and continual willful disregard of the Court's orders.

The undersigned recommends that Defendant be held in civil contempt. He has failed to comply with the following orders of the Court: (1) Order entered July 18, 2013 (Docket No. 32) granting Plaintiff's Motion to Compel; and (2) Order entered October 1, 2013 (Docket No. 47) requiring Defendant to pay Plaintiff's reasonable attorneys fees and expenses in the amount of $1,767. Additionally, Defendant failed to respond to two Motions for Orders to Show Cause (Docket Nos. 36, 53) and he failed to attend two Show Cause Hearings, on September 12, 2013, and February 19, 2014. He also failed to respond to Plaintiff's "Request for Sanctions for Civil Contempt" (Docket No. 60).

The undersigned further recommends that a civil fine be imposed upon Defendant beginning ten (10) days following the entry of the Court's Order finding Defendant in contempt, in the amount of $150 per day for a 30 day period.[1]

---

[1] Plaintiff has asked that the $150 per day fine be paid to it. "Coercive civil contempt fines in federal courts are ordinarily paid to the United States." *Winner Corp. v. H.A.Caesar & Co., Inc.,* 511 F.2d 1010, 1015 (6th Cir. 1975). Therefore, the fine should be paid into Court, not to Plaintiff.

At this point, however, the undersigned does not recommend the later "automatic" sanction of confining Defendant to prison. That decision should await a determination as to whether Defendant will comply after he is assessed the civil fine.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

The undersigned certifies the above facts, this the ___ day of April, 2014.

<br>

_____
E. Clifton Knowles
United States Magistrate Judge